IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JOHN WILLIAM LEE HARRISON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Civil Action File No. |
| | : | **1:07-CV-39 (WLS)** |
| Commissioner JAMES DONALD, | : | |
| | : | |
| Respondent. | : | |

**ORDER AND RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action are petitioner's motions for leave to file a brief (doc. 9), his motion to amend (doc. 10), his motion for an evidentiary hearing (doc. 14), and respondent's motion to intervene (doc. 11) and motion to dismiss the petition as untimely filed (doc. 12).

Petitioner was jointly indicted with several other individuals by a Dougherty County grand jury for armed robbery. At a jury trial on January 8-9, 2001, petitioner was found guilty of armed robbery, for which he received a "split" 20 year sentence, ten years to serve and the balance on probation. On direct appeal, the Court of Appeals of Georgia affirmed his conviction and sentence on December 7, 2001. Harrison v. State, 252 Ga. App. 833, 557 S.E.2d 447 (2001).

Approximately three and a half years later, petitioner filed a state habeas corpus petition on June 2, 2005, in which he challenged his armed robbery conviction. After a hearing on September 14, 2005, the state habeas corpus court denied relief on March 1, 2006. (Resp. Ex. 2, 4). Despite being advised by the habeas court of the 30-day deadline, petitioner failed to file a timely application for a certificate of probable cause to appeal resulting in the Georgia Supreme

Court dismissing his untimely application on October 31, 2006. (Resp. Ex. 3).

Petitioner executed the instant federal petition on January 29, 2007, in which he challenges his Dougherty County armed robbery conviction and sentence.

*1. Petitioner's Motion for Leave to File Brief (doc. 9)*

Petitioner's motion for leave to file a brief for the court's consideration is **DENIED as moot** as the undersigned is recommending that the motion to dismiss be granted as more fully explained below.

*2. Petitioner's Motion to Amend (doc. 10)*

Petitioner has filed a motion to amend his petitioner to include three more grounds for relief relative to his claims of ineffective assistance of counsel. As the undersigned is recommending that the motion to dismiss be granted as more fully explained below, this motion is **DENIED as moot**.

*3. Petitioner's Motion for an Evidentiary Hearing (doc. 14)*

Petitioner contends that he should be granted a hearing because his trial attorney never appeared at his state habeas hearing and petitioner's inability to examine his trial attorney prejudiced his ability to prosecute the state habeas. Petitioner is only entitled to a hearing if he can show a need for a hearing pursuant to 28 U.S.C. § 2254 (e)(2). Petitioner must show that there was a failure to develop material facts in the state courts, and that the failure was not due to his own lack of due diligence. Williams v. Taylor, 529 U.S. 420, 120 S.Ct. 1479 (2000). Even if petitioner is correct, in light of the fact that the undersigned is recommending below that this petition be dismissed for being untimely filed, this motion for an evidentiary hearing is moot, and is consequently **DENIED**.

### *4. Respondent's Motion to Intervene (doc. 11)*

The Commissioner of the Georgia Department of Corrections, James Donald, moves to intervene in this action as the respondent. Rule 2(a) of the Rules Governing § 2254 Cases provides that the petition "must name as respondent the state officer who has custody." Warden Morton is not a "state officer" or state employee but is employed by the corporation which operates D. Ray James Prison pursuant to a contract with the Georgia Department of Corrections. Commissioner Donald's motion is **GRANTED**, and he is accordingly substituted as the respondent in this action.

### *5. Respondent's Motion to Dismiss the Petition as Untimely Filed (doc. 12)*

Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d).

Section 2244(d) of the AEDPA provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527

(2003). (For 28 U.S.C. § 2255 cases, finality attaches "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing certiorari petition expires"); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000).

Here, the Georgia Court of Appeals affirmed Petitioner's conviction on December 7, 2001. Harrison, 252 Ga. App. at 833. Under Georgia law, specifically Rule 38 of the Georgia Supreme Court's Rules and Rule 38 of the Georgia Court of Appeals' Rules, Petitioner had ten days from the date of that decision in which to file a notice of intent to apply for certiorari to the Georgia Supreme Court. Petitioner did not so do, so that his conviction was "final" on December 17, 2001, the date on which the time for seeking further appellate review expired. Thus, petitioner had one year from that date, or until December 16, 2002, to file this petition or otherwise toll the filing period.

Petitioner did not file his state habeas proceeding until June 2, 2005, over three years later, well after the one-year period time contemplated by the AEDPA, and did not otherwise toll the filing period. Thus this petitioner was clearly untimely filed.

Petitioner states that he is entitled to an equitable tolling of the time period because of the irregularities and fundamental miscarriage of justice surrounding his state habeas proceedings.

However, petitioner does not explain why it took him over three years in order to file his state habeas petition after his conviction became final. In Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271. While equitable tolling is an "extraordinary remedy which is typically applied sparingly," Steed, 219

4

F.3d at 1300, it "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew v. Dept. of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action. Id. at 1287-89. Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., Johnson v. United States, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling).

Consequently, the undersigned does not find the situation appropriate for equitable tolling.

Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND RECOMMENDED**, this 8th  day of November,  2007.


                                                      //S Richard L. Hodge
                                                      RICHARD L. HODGE
                                                      UNITED STATES MAGISTRATE JUDGE

msd